PER CURIAM.
Appellant-plaintiff J.J. Witmeyer, Jr. filed this suit against his former employer for an alleged breach of an oral contract. Defendant-appellee is the Brotherhood of Railway and Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, called simply BRAC.
Witmeyer contends that Fred J. Kroll, chief executive and international president of Witmeyer’s ex-employer, promised separation and vacation benefits if Witmeyer accepted a position with the union.
In granting the union’s motion for summary judgment, the district judge stated:
“The alleged contract was never reduced to writing and one of the parties to it, defendant’s president-elect, at that time is now deceased. It was not defendant’s policy to give the severance pay that plaintiff is claiming (18 months pay) and the union constitution provides that the finance committee would have to approve such a benefit, which it never did.
“Since the alleged oral contract was never confirmed in writing, plaintiff would have to produce at least one credible witness and other corroborating circumstances to prove its existence. LSA-C.C. Art. 2277. Plaintiff has offered insufficient evidence of his ability to meet this burden of proof.”
This wording, commenting on the sufficiency of evidence, sounds like an adjudication after trial on the merits. The record contains an affidavit (submitted in opposi *1135 tion to the defendant’s motion for summary-judgment) executed by Robert J. Devlin, an international vice president of the union, in which Mr. Devlin said:
“He has knowledge of individuals who obtained separation benefit agreements which were made personally by former BRAC president Fred Kroll and that such benefits were honored upon these individuals termination from BRAC despite lack of approval by the Executive Council and Finance Committee of BRAC and to his knowledge no such approval has been required.
“He was present when Kroll and the plaintiff Witmeyer had a conversation on October 29, 1976, at which time Kroll offered Witmeyer a position with BRAC and agreed, among other things, that Witmeyer would be paid, upon his separation from employment, a separation allowance equal to eighteen months pay, would accrue vacation at the rate of five weeks per year and would also receive all other fringe benefits available to members of BRAC’s Grand Lodge Staff.”
This affidavit, considered along with petitioner’s pleadings, clearly establishes triable issues of fact and law, precluding summary judgment.
We set aside the decree granting summary judgment and we remand to the district court for further proceedings. Appellee is to pay costs of this appeal.
REVERSED AND REMANDED.